

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2008

# L. v. Sch Dist Phila

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"L. v. Sch Dist Phila" (2008). *2008 Decisions.* Paper 493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3258
_____

SINAN L., A MINOR, BY AND THROUGH HIS PARENTS,
MOHAMED AND AYSHA L., OF PHILADELPHIA, PA;
MOHAMED L.; AYSHA L., INDIVIDUALLY, AND ON
THEIR OWN BEHALF, OF PHILADELPHIA, PA,

Appellants

v.

SCHOOL DISTRICT OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-01342)
District Judge:  The Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

Before: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.


(Filed September 24, 2008)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This appeal involves a claim for tuition reimbursement under the Individuals with Disabilities Act (IDEA), 29 U.S.C. § 1400 et seq. Appellants Mohammed and Aysha L., parents, individually and on behalf of their son, a disabled student, sued the School District of Philadelphia, asserting it failed to provide their child, Sinan L., with a free appropriate public education (FAPE) and sought tuition reimbursement for their unilateral placement of their child in a private school.[1] For the reasons stated herein, we will affirm the decision of the District Court.

I.

This appeal concerns the School District's proposed individualized education program (IEP) for Sinan.[2] A team of teachers, clinicians, and experts from the School District (collectively, the "IEP team") met in April of 2005 to draft Sinan's new IEP for use for the 2005-2006 school year. The proposed IEP (May 2005 IEP) contained reading, writing, math, speech, and social skills goals. Because this was the first IEP created after Sinan turned sixteen, it also included a mandatory "transition plan," a road map for preparing Sinan for life after high school. The sections of the May 2005 IEP concerning Sinan's transition plan were left largely blank, aside from a notation that "Sinan will meet

---

[1] Because Sinan was a minor at the time appellants commenced this litigation, his parents sued on his behalf as well as on their own behalf.

[2] We will paraphrase the District Court's thorough opinion where appropriate.

with school counselor to discuss prerequisites he needs to apply to college and explore college opportunities." The IEP team met again on May 6, 2005, and made some revisions to the IEP's social skills goals.

Concurrent with this process, the School District contacted several schools, including the Pathway School in Norristown, Pennsylvania, regarding potential placement for Sinan. Appellants visited Pathway, which administered reading, math, speech, and social skills assessments to Sinan. Pathway informed the School District the next day that they could accept Sinan for the 2005-2006 school year. The School District then forwarded a copy of the IEP to Pathway. Pathway extended a formal offer of admission in a May 11, 2005, letter to the School District. Although the School District was seeking out new placements for Sinan, Sinan's parents were also contacting various schools in search of a suitable placement for Sinan. One of these schools, the Maplebrook School, a private boarding school in Amenia, New York, offered admission to Sinan.

On May 6, 2005, the same day as the IEP team's second meeting, the School District issued a Notice of Recommended Educational Placement ("NOREP"), offering Sinan placement at an alternative special education setting on a day basis. It is unclear whether both parties understood this proposed placement to refer to Pathway. The parents formally objected to both the NOREP and the proposed IEP. The parents then requested due process hearings to review the District's proposals and informed the School District of their intention to enroll Sinan at Maplebrook and seek reimbursement from the

3

School District for tuition expenses. They maintained that Sinan's needs required that he be placed in a residential setting, and the proposed placement at a day school amounted to a denial of a FAPE as required by the IDEA.

On May 12, 2005, the School District confirmed that it was processing the parents' request for a due process hearing. However, the School District did not submit the request to the Office for Dispute Resolution until August 16, 2005. The Hearing Officer held hearings on October 26, 2005, November 2, 2005, November 29, 2005, and December 1, 2005. On December 31, 2005, the Hearing Officer denied the parents' request for tuition reimbursement. The parents appealed. The Special Education Appeals Panel unanimously affirmed the Hearing Officer's denial of reimbursement.

The Appellants filed suit in the District Court, asking it to order the School District to grant tuition reimbursement. Both parties filed motions for judgment on the administrative record, or in the alternative, for summary judgment. The District Court entered judgment in favor of the School District, finding that its offer of free education to Sinan at the Pathway School satisfied its obligation to provide a free appropriate public education under the IDEA, and ruled that the Appellants were not entitled to reimbursement for their child's tuition at Maplebrook.

II.

Tuition reimbursement is available under the IDEA only where (1) a proposed IEP is inappropriate, because it fails to offer a child the required free and appropriate public

4

education, and (2) the parent's unilaterally-chosen placement is an appropriate placement for the child. *Lauren W. ex rel. Jean W. v. Deflaminis*, 480 F.3d 259, 276 (3d Cir. 2007) citing *Florence County Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15, (1993). In this case, the District Court applied the correct legal standards and determined that the School District's proposed IEP was appropriate, thereby providing Sinan with a free and appropriate  public education.  The District Court did not, therefore, reach the question of whether the proposed placement at Maplebrook was appropriate.

Appellants argue that this IEP was not prepared from adequate data and that it did not include sufficient detail.   In Sinan's case, the special education hearing panel and the District Court agreed with the hearing officer as to the adequacy of the IEP.  We do not require the District Court to make detailed factual findings unless it departs from the findings of agency authority.  Here, the District Court properly gave "due weight" to the hearing officer's determination and engaged in its own independent analysis of the record, considering the testimony of individuals who supported the IEP and the IEP itself. It found that the IEP offered Sinan a reasonable opportunity to obtain a meaningful educational benefit and, therefore, that the IEP was appropriate.  We agree with the District Court's conclusion; the Appellant's claim for tuition reimbursement fails.

Finally, Appellants argue that the School District's failure to process their request for a due process hearing for three months violates IDEA's procedural deadlines and that this violation, in and of itself, entitles them to tuition reimbursement. Because we find no

error in the District Court's determination that the School District's procedural shortcomings did not deny Sinan a FAPE, we do not reach the question of whether procedural errors in and of themselves entitle parents to tuition reimbursement.

We will affirm the decision of the District Court.